IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFERY ALLEN McCLELLAN, )<br>AIS #277145, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KARLA JONES, )<br>)<br>    Defendant. ) | CASE NO. 2:16-CV-363-WHA |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Jeffery Allen McClellan ("McClellan"), a state inmate currently incarcerated at the Bullock Correctional Facility, on May 19, 2016. In the complaint, McClellan alleges that the defendant, the warden at Ventress Correctional Facility, failed to protect him from a sexual assault by another inmate, did not properly investigate the alleged assault and refused to provide him protection from the assailant after the attack. *Doc. No. 1* at 3.

On June 17, 2016, the plaintiff filed a motion for emergency injunction, which the court construed as a motion for preliminary injunction, seeking a transfer from Ventress. *Doc. No. 8*. The court directed the defendant to show cause why the motion for preliminary injunction should not be granted. *Order of June 20, 2016 - Doc. No. 9*. In response to this order, the defendant submitted McClellan's "Inmate Movement History" which shows that

1

correctional officials transferred McClellan from Ventress to Bullock on June 30, 2016. *Doc. No. 12-1* at 2. The defendant therefore argues that the motion for preliminary injunction is moot, as McClellan has received the relief requested in the motion.

## II. STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if McClellan demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunctive relief may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Palmer*, 287 F.3d at 1329; *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (1998); *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). "In this Circuit, [a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's*, 147 F.3d at 1306 (internal quotations omitted); *All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989) (a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion on each of the prerequisites).

### III. DISCUSSION

The defendant's response establishes that McClellan has been transferred from Ventress, the precise relief sought in the motion for preliminary injunction. Based on the foregoing, the court finds that Bullock cannot establish the second factor because there is not now a substantial threat that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction.

In light of the foregoing, the undersigned concludes that the motion for preliminary injunction is due to be denied, as Bullock has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of preliminary injunctive relief and is likewise subject to denial as moot due to his transfer from Ventress.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for preliminary injunction filed by the plaintiff be DENIED.

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before July 22, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of

legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, on this the 8th day of July, 2016.

/s/ Susan Russ Walker
Susan Russ Walker
Chief United States Magistrate Judge